

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Major D. W. Stakes
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-6681
Re: Authority of Texas Prison
System to sell to City of
Huntsville land for air-
port as provided by Ch.
242, Acts 49th Legis.,
Regular Session, 1945,
page 378.

We acknowledge receipt of your opinion request of
July 6, 1945, which reads as follows:

"House Bill No. 558, 49th Legislature, provides
for the sale of 630 acres of land, more or less, be-
longing to the Texas Prison System and being a part
of Wynne Prison Farm, to the City of Huntsville for
use as an airport, at a minimum price of $20.00 per
acre.

"Since passage of the bill, and following
accurate measurement, it develops that the tract of
land in question contains only 535 acres.

"In view of the foregoing, can the Texas Prison
System sell the City of Huntsville only 535 acres of
land at the minimum price of $20.00 per acre as pro-
vided in the bill, or must it convey the 630 acres
specified in the above mentioned bill?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The law about which you inquire reads as follows:

".  .  .  .

"Section 1.  The Texas Prison Board is hereby authorized to sell and convey to the City of Huntsville, Texas, a certain six hundred and thirty (630) acres of land in Walker County, Texas, bounded and described as follows:

"All of six hundred and thirty (630) acres of land, more or less, out of and a part of the Warren Birdsell Original League Survey, Abstract No. 6, in Walker County, Texas, with the provision that said land shall be used by the City of Huntsville, Texas, for the purpose of establishing a municipal airport or a portion thereof, and being also out of a certain one thousand, four hundred and one (1,401) acre tract in said League and being also out of the northwest corner of that certain tract of land which is owned by the State of Texas and known as the Wynne Farm, said six hundred and thirty (630) acres being bounded on the west by the west line of said Wynne Farm, on the north by the north line of said Wynne Farm and on the south by U.S. Highway 75 and extending east so that a line drawn parallel with the west line of the Wynne Farm will enclose six hundred and thirty ( 630) acres.

"Sec. 2.  The property herein mentioned and described shall be sold at private sale for cash at a price which the Prison Board shall deem fair and adequate, which price, however, shall not be for less than Twelve Thousand, Six Hundred Dollars ($12,600).  The said Prison Board is hereby  authorized and empowered to make the sale, and when such sale is made the Chairman or Vice-Chairman shall, in the name of the Texas Prison Board, execute and deliver to said City of Huntsville, Texas, a deed of conveyance to said property attested by the Secretary of the Board and with its official seal impressed thereon, which deed shall vest all the rights and title of the Board and the

State of Texas to the same in said City; provided, however, that said deed shall reserve to the State a one-sixteenth (1/16) free royalty of all minerals in said land, except that as to Sulphur and other mineral substances from which Sulphur may be derived or produced the free royalty reserved to the State shall be one-eighth (1/8).

"Sec. 3. The fact that the Texas Prison Board is now without authority to make such sale and that land in its present condition is of little use to the Texas Prison Board, and the State will begin to get the use of the money as soon as the sale is made, and that it is contemplated that the City of Huntsville will improve said property as a public airport for said City and the same, when opened, will be of material benefit to the Prison Board and said airport will be available for use by the Sam Houston State Teachers College, located at Huntsville, in connection with the teaching of Aeronautics, creates an emergency and an imperative public necessity demanding the suspension of the Constitutional Rule requiring bills to be read on three several days in each House, be and the same is hereby suspended, and that this Act shall be in force and effect from and after its passage, and it is so enacted."

This is House Bill No. 558, Ch. 242, Acts 49th Legis., Regular Session, 1945, page 378, Art. 6166g, note, V.A.C.S.

We have examined the original of H. B. No. 558 in the Secretary of State's office and find that it was amended in Committee so as to provide for a purchase price of Twelve Thousand Six Hundred Dollars ($12,600.00), in lieu of Nine Thousand Five Hundred Dollars ($9,500.00), as originally written. House Bill No. 646, Ch. 244, Acts 49th Legis., Regular Session, page 380, describes H. B. 558 as providing for a minimum consideration of $9,500.00 for 630 acres. We do not find anything in the bill as originally written or as finally enacted which shows that the minimum price at which the land could be sold was arrived at on

an acreage basis. The description of the tract as contained in Section 1 of the Act copied above locates the East line of the tract by reference to acreage, but this is descriptive merely of the area which the statute authorizes the Prison Board to convey and not of the price to be paid. The statute authorizes the Board to sell all or any part of the 630 acre tract to the City of Huntsville for $12,600.00 but we do not think the statute authorizes the sale of a smaller area than 630 acres at the rate of $20.00 per acre.

It is our opinion that in order to comply with the authority granted by statute, the Prison Board must receive not less than $12,600.00 for the property which it conveys. The Prison Board is not compelled to sell and convey any property to the City of Huntsville.

Trusting that the foregoing answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*
Fagan Dickson
Assistant.

FD:rt

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN
